UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 91-3141

MARASTRO COMPANIA NAVIERA S.A.
                      Plaintiff-Appellee-
                      Cross-Appellant,
                v.
CANADIAN MARITIME CARRIERS, LTD.,
                      Intervenor-Plaintiff-

                      Appellant-Cross-Appellee,
                v.
THE FOOD CORPORATION OF INDIA,
                      Defendant-Cross-Appellee,
                and
NATIONAL AGRICULTURAL COOPERATIVE MARKETING
      FEDERATION OF INDIA, LTD. (NAFED)
                      Movant-Appellant-
                      Cross-Appellee.

* * * * * * * * * * * * * * * * * * * * * * * * * * *
        CANADIAN MARITIME CARRIERS, LTD.,
                      Plaintiff-Appellant,
                v.
      MARASTRO COMPANIA NAVIERA, S.A.,
                      Defendant-Appellee.

Appeals from the United States District Court
    for the Eastern District of Louisiana

ON PETITIONS FOR REHEARING AND
SUGGESTION FOR REHEARING EN BANC
(June 10, 1992)

(Opinion April 28, 1992, 5th Cir., 1992, _____F.2d._____)

Before GARZA, Reynaldo G., and GARWOOD, Circuit Judges, and
SCOTT, District Judge.*

* Senior District Judge of the Western District of
Louisiana, sitting by designation.

PER CURIAM:

Marastro Compania Naviera S. A. (Marastro) has suggested that a rehearing en banc be granted.

## **F A C T S**

We adopt the facts stated in the panel opinion.[1] To add specificity and detail, we add the following facts.

On July 14, 1989, Marastro caused the United States Marshal to execute a writ of fieri facias and seize a shipment of corn located in the hold of the M/V DERBY NORTH in the Mississippi River north of New Orleans, Louisiana on the alleged grounds that Food Corporation of India (FCI), its judgment debtor, was owner of the corn. Canadian Maritime Carriers, Ltd. (Canadian) was the owner pro hac vice/charterer of the M/V DERBY NORTH which was about to leave port for India at the time the seizure was made. National Agricultural Cooperative Marketing Federation of India, Ltd. (NAFED) made a restrictive appearance in the suit claiming ownership of the seized cargo of corn. On the posting of bond, the district court, on July 24, 1989, ordered that the seizure of corn be lifted and the M/V DERBY NORTH immediately set sail for India.

Marastro, NAFED and FCI were the only litigants

---

[1] Panel opinion dated April 28, 1992 and reported at 959 F.2d 49, 53-54 (5th Cir. 1992).

having any alleged proprietary interest in the cargo of corn; the only litigants having an interest in determining that the seizure was or was not wrongful and was or was not accomplished in good faith. They were the only litigants on the merits and the only litigants who posted bond to lift the seizure.

When the marshal seized the corn on July 14, 1989, he did not remove it. He left it in the hold on the M/V DERBY NORTH forcing Canadian to assume and perform for the marshal all of his duties and responsibilities for storing and safekeeping the corn until the seizure was lifted on July 24, 1989. It is an uncontroverted fact that the vessel's departure from port was delayed from July 14, 1989 to July 24, 1989; that Canadian performed the duties of warehouseman, including storage and safekeeping, at a cost to it of $123,360.25. Canadian had no proprietary interest in the corn or in the issue of wrongful seizure or in the issue of whether Marastro acted in good faith. In short, it was not a litigant on the merits and did not post bond for the release of the seizure. Canadian has intervened for the sole purpose of recovering the $123,360.25 which it was forced by the marshal to expend to store and safekeep the cargo of corn for the benefit of the seizing creditor, Marastro. These costs have not been paid.

## STATEMENT OF ISSUES

Marastro has stated the issues as follows:

1.    Whether this Court's decision in a long line of cases beginning with <u>Frontera Fruit Co. v. Dowling</u>, 91 F.2d 293 (5th Cir. 1937), holding that the gravamen of the right to recover damages for wrongful seizure, is proof of bad faith, malice, or gross negligence, can be ignored by a Panel of the same Court, by awarding "damages" under the guise of "costs" for "wrongful" seizure, when the same Panel found that the seizing creditor to be in good faith and held that "damages" were not recoverable.  The Panel circumvented <u>Frontera Fruit</u> by characterizing an element of damages (loss of charter hire and other expenses during detention) as "costs".

2.    Whether the Court misapprehended an Act of Congress, more particularly 28 U.S.C. § 1921(a)(1)(E), by awarding costs to a litigant when the clear and unambiguous wording of the statute provides no basis for authorizing any payment whatsoever by one litigant to another.

## C O N C L U S I O N

1.    Marastro's statement of issue number one is actually a misstatement of the issues.  Canadian was not a litigant on the merits, had no proprietary interest in the cargo of corn or in the determination of whether the seizure was lawful or unlawful or whether Marastro was in good faith. These were the merit issues of the lawsuit and have nothing to

4

do with the $123,360.25 which Canadian intervened to recover. Neither the litigants at issue nor the court required Canadian to file bond to lift the seizure.

Marastro states that the panel circumvented <u>Frontera Fruit</u> by characterizing an element of damages (loss of charter hire and other expenses during detention) as "costs". Nothing can be further from the truth. If the marshal had seized the corn and warehoused on land in ABC Warehouse, Inc. instead of the M/V DERBY NORTH, Marastro, NAFED and FCI would have been litigants on the merits under <u>Frontera Fruit</u> as they have been in this suit. Canadian could not have been a party because the recovery it seeks is not a <u>Frontera</u> issue. In fact, the costs which it now seeks to recover would never have existed. Further, if the marshal failed to collect a fee to pay ABC, then the hypothetical ABC could intervene to recover its costs, because its right to do so could not be defeated by Marastro's good faith in the wrongful seizure. We emphatically reject Marastro's contentions in issue number one.

2. We did indeed base our award to Canadian on 28 U.S.C. § 1921(a)(1)(E), which provides as follows:

> § 1921 United States Marshal's Fees
>
> "(a)(1) The United States marshals or deputy marshals <u>shall routinely collect, and a court may tax as costs, fees</u> for the following:

"(A) Serving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding."

* * *

"(E) The keeping of attached property (including boats, vessels, or other property attached or libeled), actual expenses incurred, such as storage, moving, boat hire, or other special transportation, watchmen's or keepers' fees, insurance, and an hourly rate, including overtime, for each deputy marshal required for special services, such as guarding, inventorying, and moving."

The pertinent facts are, as we have related previously, that Marastro sued FCI, its judgment debtor, in the district court having jurisdiction and caused the issuance of a writ of fieri facias to the United States Marshal. The court holds the marshal responsible for the execution of the writ, including the storage and safekeeping of the seized property although it is customary and common practice for the marshal on occasion to delegate certain of these duties, including storage and safekeeping to others. He seized the corn in this case, but left it in the hold of the M/V DERBY NORTH where it was located at the time it was seized. By this action, Canadian was forced to assume all the duties and responsibilities of a custodian warehouseman for the marshal. If he delegates the responsibility for storing and safekeeping

6

to a third party as he did in this case, it is mandatory under 28 U.S.C. § 1921(a)(1)(E) for him to collect all fees and expenses from the seizing creditor, here Marastro. Canadian performed the services forced upon it by the marshal and in doing so incurred expenses of $123,360.25. We have held that the custodian does not forfeit his right to payment because of the marshal's failure to perform his duties; that Canadian is entitled to payment for the services performed and we have simply eliminated the middle man, the marshal, and awarded such payment and taxed them as costs against Marastro as is specifically directed by 28 U.S.C. § 1921(a)(1)(E).

The Petitions for Rehearing are DENIED and no member of this panel nor Judge in regular service on the Court having requested that the Court be polled on rehearing en banc (Federal Rules of Appellate Procedure and Local Rule 35) the Suggestions for Rehearing En Banc are **DENIED**.

All other motions before the court are also **DENIED**.